UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CARLOS A. LOPEZ,

                          **Plaintiff,**

      v.

PHM REALTY, LLC.,

                         **Defendant.**
---------------------------------------------------------------x

**ECF CASE**

**COMPLAINT**

Case No. 16 Civ. 7625

Plaintiff, CARLOS A. LOPEZ, by and though his undersigned attorneys, files this Complaint against Defendant, PHM REALTY LLC, upon information and belief:

## INTRODUCTION

1. Plaintiff alleges, on behalf of himself, that he is entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); and (ii) attorneys fees and costs, liquidated damages and interest pursuant to the FLSA and its Federal Wage Regulations.

2. Plaintiff alleges he is also entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"), and New York State Department of Labor's Building Service Industry Minimum State Wage Order, Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations of The State of New York, 12 N.Y.C.R.R. 141, ("State Wage

Order"); and, (ii) attorneys fees and costs, interest and liquidated and punitive damages pursuant to the NYLL and the State Wage Order.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant's principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, CARLOS LOPEZ (hereinafter "Plaintiff"), at all relevant times, resided in Kings County, New York.

7. Defendant UNITED PHM REALTY, LLC., (hereinafter "Defendant"), is a domestic business entity duly existing under the laws of the State of New York.

8. Defendant, at all relevant times maintained its principal place of business in Manhattan, New York.

9. Defendant has, at all relevant times, over fifteen employees.

## STATEMENT OF FACT

10. Plaintiff started working for the Defendant in or around April 2009 as a full-time employee, performing the duties of Cleaner and Supervisor.

11. Plaintiff stopped working for Defendant on or around May 17, 2016.

12. Defendant failed to pay Plaintiff his wages in compliance with federal and state law from on or around 2009 through 2016 (hereinafter "relevant times".)

13. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

14. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. Upon information and belief, at all relevant times Defendant had gross annual revenues in excess of $500,000.

16. At all relevant times, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or Plaintiff was engaged in commerce and/or the production or sale of goods within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

17. At all relevant times, Defendant has been an employer of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(3) and 206(a).

18. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

19. At all relevant times, Plaintiff was an hourly rate employee within the meaning of the FLSA 29 U.S.C. § 203(e) and the 29 C.F.R. § 778.110.

20. At all relevant times, Plaintiff was an employee within the meaning of the NYLL §§ 2(5), 190(2), and 651(5).

21. At all relevant times, Plaintiff was an employee within the meaning of the State Wage Order § 141-3.2.

22. At all relevant times, Defendant was an employer within the meaning of NYLL §§ 2(6), 190(3), and 651(6).

23. At all relevant times, Defendant was engaged in the building service industry within the meaning of the State Wage Order § 141-3.1.

24. During Plaintiff's employment with Defendant, he was a non-residential employee.

25. During Plaintiff's employment with Defendant, he was an hourly employee.

26. As part of the Plaintiff's duties, he would supervise a staff of approximately 10 Cleaners who were responsible for cleaning commercial tenants offices, including, cleaning bathrooms, vacuuming carpets, dusting furniture, ledges, radiators and walls, cleaning desktops, mopping floors, removing gum from mats, floors and carpets, emptying trash receptacles, and garbage removal.

27. Plaintiff did not have disciplinary authority over the Cleaners.

28. Plaintiff did not have the authority to approve or disapprove the Cleaners' requests for leave of absences and vacation.

29. Plaintiff did not have the ability to hire or fire any of the Cleaners.

30. Plaintiff did not have the ability to determine the wages that the Cleaners earned.

31. A consultant, Jose Ortega, hired by the Defendant, who worked for ALLIANCE BUILDING SERVICES, LLC, supervised plaintiff.

32. Mr. Ortega had the power to discipline the Plaintiff, approve any vacation requests, and direct his activities at the workplace.

33. The Plaintiff's regularly scheduled work hours were Monday through Friday, from 5:00 p.m. to 12:30 a.m.

34. The Plaintiff worked past his regularly scheduled hours almost every day that he worked, often working past 2:00 a.m.

35. Each day that the Plaintiff worked, he invariably had to perform the duties of his subordinates because the Defendant did not provide sufficient staff members to perform the duties that had to be performed.

36. As a result of the voluminous nature of the duties that had to be performed by the Cleaners that the Plaintiff supervised, the Plaintiff would routinely have to perform the duties of the Cleaners to ensure that all the assigned work was completed.

37. The Plaintiff was routinely required to scrub bathrooms floors, scrub tile floors, shampoo carpeting, and strip and wax floors.

38. During the Plaintiff's employment with the Defendant, the majority of the time that he spent working involved performing the duties of a Cleaner, as opposed to the duties of a Supervisor.

39. During the Plaintiff's employment with the Defendant, the Plaintiff's primary duties, as defined in 29 C.F.R. § 541.700, involved performing the duties of a Cleaner, as opposed to the duties of a Supervisor.

40. During Plaintiff's employment with Defendant, Defendant did not pay Plaintiff for the time for all the hours he worked each workday, in violation of the FLSA and the Federal Wage Regulations.

41. From on or around 2009 through 2016, Defendant did not pay the Plaintiff the proper overtime wages for all of the time that he was suffered or permitted to work each workweek.

42. From on or around 2009 through 2016, Defendant suffered or permitted Plaintiff to work over 40 hours per week without properly compensating him.

43. From on or around 2009 through 2016, Plaintiff regularly worked approximately nine (9) to ten (10) hours per day.

44. From on or around 2009 through 2016, Plaintiff received weekly paychecks from Defendant that did not properly record or compensate the Plaintiff for all the hours that he worked.

45. At all relevant times, Defendant knew that Plaintiff was entitled to overtime wages for the hours which Plaintiff worked in excess of 40 each workweek.

46. During Plaintiff's employment with Defendant, Defendant willfully, as defined in 29 U.S.C. § 255, refused to pay Plaintiff the statutory overtime amount of one-and-one-half times Plaintiff's regular hourly wage as required by the FLSA, the Federal Wage Regulations, NYLL and the State Wage Order.

47. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiff for all of the hours that Plaintiff worked, in violation of the FLSA and the Federal Wage Regulations.

48. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiff for all of the hours that Plaintiff worked, in violation of the NYLL and the State Wage Order.

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT

49. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to its employees who worked in excess of 40 hours per workweek.

51. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff, for overtime pay at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 et seq. and the Federal Wage Regulations.

52. As a result of Defendant's failure to record, report, credit, and/or compensate its employees, including Plaintiff, Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq. and the Federal Wage Regulations.

53. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant unpaid overtime wage compensation and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

55. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. Defendant willfully violated Plaintiff's rights by failing to pay minimum overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the NYLL and the State Wage Order.

57. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

58. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL §§ 198 and 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

   a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

   b) An injunction against Defendant and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c) An award of overtime compensation due under the FLSA and the NYLL

d) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to FLSA § 216 and NYLL §§ 198 and 663(1);

e) An award of prejudgment and post judgment interest;

f) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

g) Such other and further relief as this Court deems just and proper.

Date: September 29, 2016
New York, NY

                                        The Law Offices of
                                        Fausto E. Zapata, Jr., P.C.

                                        By: _____
                                        Fausto E. Zapata, Jr. (FZ4957)
                                        Attorneys for Plaintiff
                                        277 Broadway, Suite 206
                                        New York, NY 10007
                                        Tel. (212) 766-9870